## CLIFFORD et al. v. SWIF.T et al.

### No. 10553.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 21, 1938.

Rehearing Denied Sept. 30, 1938.

Mann & Mann, of Laredo, for appellants.

J. E. Whitmore and Ira Butler, both of Fort Worth, for appellees.

SMITH, Chief Justice.

This action involves the validity of an order of the Livestock Sanitary Commission of Texas requiring owners to dip their cattle under the provisions of the so-called "Tick Eradication Statute." Act 1929, 41st Leg., 1st C.S. p. 128, c. 53, Vernon's P.C. Art. 1525c et seq.

The action was brought by Paul Clifford and others, plaintiffs below, to enjoin the Livestock Sanitary Commission and its members and agents, defendants below, from enforcing an order requiring plaintiffs to dip their cattle located in the Salado Ranch in Webb County, as provided by statute in cases of cattle infested with or exposed to fever-carrying ticks.

The trial court, upon notice pending a temporary restraining order, refused to grant a temporary injunction, and this appeal followed. The parties will be referred to as plaintiffs and defendants, respectively, as in the trial court.

The trial court denied plaintiffs' application, after judgment, for a restraining order pending this appeal, and this Court has denied a similar motion filed here for an original injunction.

It appears from the record that the Salado Ranch, here involved, adjoins the Uhle Ranch, which in turn adjoins the Guerra Ranch. These ranches are separated only by wire fences. The cattle on the Guerra Ranch are classified by the Livestock Sanitary Commission as being infested with ticks, rendering them subject to the dipping process under order of the Commission. The trial court found, by necessary implication, that the fence separating the Guerra from the Uhle Ranch was so defective as to permit the cattle from that ranch to mingle with those in the Uhle, which thereby assumed the same classification as ticky, and thereby became subject to being dipped. It is undisputed that cattle from the Uhle Ranch have been getting into the Salado Ranch and mingling with the cattle therein, which in turn had the effect of placing them in the same classification as those in the Uhle and Guerra ranches, and rendering them subject to dipping when so ordered by the Commission. All the facts stated were impliedly found by the trial judge, and there being some material evidence to support those findings, they are binding upon this Court. The result is that plaintiffs' cattle had been exposed to cattle which had been classified by the Commission as ticky, within the contemplation of the statute, and it was within the authority, and became the duty, of the Commission to order them dipped as provided by the same statute. The judgment of the trial court rests upon issues of fact, which, upon a full hearing, were resolved against plaintiffs, upon sufficient evidence. This conclusion settles the appeal.

The judgment is affirmed.