## GORDON v. ZOES et al.

### No. 10721.

Court of Civil Appeals of Texas. Galveston.

Feb. 23, 1939.

Rehearing Denied March 16, 1939.

Gammage, Gammage & Bauer, of Houston (Earl W. Gammage and Charles D. Bauer, both of Houston, of counsel), for appellant.

Jas. A. Williams, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal from a judgment of the 80th District Court of Harris County denying an application by appellant to enjoin appellees, J. A. Zoes and the County Clerk of Harris County, from enforcing a judgment rendered by the County Court at Law No. 2 of Harris County.

In a trial before the court judgment was rendered denying a permanent injunction but providing for a temporary injunction pending appeal upon the filing by appellant of a supersedeas bond, which bond was duly filed. No findings of fact were requested of the trial court, and none were made.

The record discloses that on October 8, 1936, judgment was rendered in the justice court of Harris County in favor of appellee, J. A. Zoes, and against appellant Gordon and the sureties on a replevin bond in the sum of $100. On an appeal from this judgment to the county court at law No. 2 of Harris County, the judgment of the justice court was affirmed as to appellant Gordon, but the sureties on said replevin bond were discharged.

The judgment sought to be enjoined is regular on its face. It recites the appearance of all parties, the hearing of the pleadings, the evidence, and the arguments of counsel, and the rendition of judgment in favor of the plaintiff.

It is the contention of appellant that said judgment is void for the reason that the pleadings in the original suit in the justice court were so changed and amended on appeal to the county court at law No. 2 as to create a new and independent cause of action not pleaded in the lower court.

The record does not sustain this contention. While plaintiff filed certain written pleadings in the justice court, he expressly reserved the right in said pleadings to plead orally on the trial of the case. It is uniformly held in this State that in cases originating in the justice court, pleadings may be either oral or written, or partly oral and partly written. In the absence of a showing to the contrary, it will be presumed that said written pleadings were supplemented by such oral amendments as cured any defects therein, and that such pleadings as amended supported the judgment rendered by the trial court. Jones Hardware Co. v. Telford, Tex.Civ.App., 63 S.W.2d 735; Hart v. Wilson, Tex.Civ. App., 53 S.W.2d 1029; Heidenheimer-Strassburger & Co. v. H. & T. C. Ry. Co., Tex.Civ.App., 197 S.W. 886.

These facts were not only presumably found by the court who rendered such judgment of the county court at law No. 2 of Harris County, but since the judgment in this appeal rests upon issues of fact and no findings of fact were made, either as such or in the judgment rendered, this

court must assume that every fact alleged and necessary to support the judgment rendered was found by the trial court upon sufficient evidence, in the absence of a showing to the contrary. Maryland Casualty Co. v. Walsh & Burney Co., Tex. Civ.App., 119 S.W.2d 944; Clifford v. Swift, Tex.Civ.App., 120 S.W.2d 112; Southwestern Greyhound Lines v. Railway Commission of Texas, 128 Tex. 560, 99 S.W. 2d 263, 109 A.L.R. 1235.

No reversible error being shown, the judgment is in all things affirmed.

Affirmed.