**Affirmed as Modified and Opinion filed December 23, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00048-CV

---

### JAMIE GENENDER AND CRITTER STUFF, LLC, Appellants

### V.

### USA STORE FIXTURES, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1016718**

---

### O P I N I O N

Appellee USA Store Fixtures, LLC sued appellants Jamie Genender and her business Critter Stuff, LLC in justice court after Genender successfully obtained a chargeback on her credit card related to her purchase of $2,303.42 in used shelving from Store Fixtures. Store Fixtures appealed a take-nothing judgment from the justice court to the county court, which held a trial de novo. A jury awarded Store Fixtures damages of $2,303.42 and attorney's fees of $38,000 for trial, $20,000 for an appeal to the court of appeals, and $20,000 for an appeal to the Supreme Court of Texas. In three issues,

appellants contend the county court lacked jurisdiction over Store Fixtures' breach of contract claim, the evidence is legally insufficient, and Store Fixtures is not entitled to attorney's fees because it failed to plead and prove presentment of its claim.

We hold that the trial court had jurisdiction over Store Fixtures' breach of contract claim and the evidence is legally sufficient to support the jury's finding on that claim, but Store Fixtures failed to prove presentment. Accordingly, we modify the trial court's judgment to delete the award of attorney's fees and affirm the trial court's judgment as modified.

## I. BACKGROUND

Using a credit card, Genender purchased some used shelving from Store Fixtures for Genender's business. Store Fixtures shipped the shelving to Genender in Wisconsin. But she was disappointed with the quantity and quality of the shelving she received and with Store Fixtures' response to her concerns, so she filed a dispute with her credit card company that resulted in a chargeback to Store Fixtures. Store Fixtures sued appellants in justice court; all parties were pro se. After a bench trial, the justice court signed a take-nothing judgment in appellants' favor, and Store Fixtures appealed to the county court. The parties hired attorneys and ultimately proceeded to a de novo jury trial with each side asserting claims for breach of contract and attorney's fees.

The only issues submitted to the jury were whether any party failed to comply with the agreement, and if so, the amounts of damages and attorney's fees. The jury found that appellants failed to comply with the agreement, Store Fixtures did not fail to comply with the agreement, Store Fixtures suffered damages of $2,303.42, and Store Fixtures' reasonable and necessary attorney's fees were $38,000 for preparation and trial, $20,000 for an appeal to the court of appeals, and $20,000 for an appeal to the Supreme Court of Texas. The county court signed a final judgment consistent with the jury's verdict. This appeal followed.

2

## II.    SUBJECT MATTER JURISDICTION

In their first issue, appellants contend the county court's judgment is void because the county court lacked subject matter jurisdiction over the only claim and basis for attorney's fees supporting the judgment. Appellants argue that Store Fixtures did not plead a breach of contract claim in the justice court, and Store Fixtures' contract claim was a "new ground of recovery" pleaded for the first time on appeal to the county court. *See* Tex. R. Civ. P. 574a, 50 Tex. B.J. 868 (1987, repealed 2013) (on appeal from justice court, "no new ground of recovery shall be set up by the plaintiff").

Store Fixtures contends that it pleaded a breach of contract claim in the justice court because Store Fixtures reserved the right to plead orally and, at the justice court trial, Store Fixtures "sought to recover the total invoice amount under the theory that Genender and Critter Stuff had breached the contract by not paying for the shelving."

First we will review the relevant proceedings and evidence in the record. Then we overrule appellant's issue because appellants failed to rebut the presumption that Store Fixtures orally pleaded its breach of contract claim in the justice court.

### A.    Background and Evidence

Store Fixtures, acting through its president,[1] filed two petitions in justice court. The petition naming Genender as a defendant alleged as follows:

> That the defendant is legally indebted to the plaintiff in the sum of $10,000.00 based upon the following facts: Defendant, Jaimie Michele Genender, purposefully intended to defraud USA Store Fixtures LLC from financial gain by refusing payment on her credit card. Defendant also acted outside of her title and personally defamed and slandered this company in writing. Invoice $2,303.42 damages for slander $7,697.58.

The petition naming Critter Stuff as a defendant alleged as follows:

---

[1] *See* Tex. Gov't Code Ann. 27.031(d) ("A corporation need not be represented by an attorney in justice court.").

3

> That the defendant is legally indebted to the plaintiff in the sum of $10,000.00 based upon the following facts: Defendant, Jamie Michele Genender, purposefully intended to defraud USA Store Fixtures LLC from financial gain by refusing payment on her credit card. Defendant also slandered and defamed this company in writing. Invoice amount $2,303.42 plus damages for slander and defamation.

Both petitions stated, "THAT plaintiff reserves the right to plead further orally upon trail [sic] of this matter." *See* Tex. R. Civ. P. 525, 3 Tex. B.J. 607 (1940, repealed 2013) (in justice court, "[t]he pleadings shall be oral, except where otherwise specially provided").

After Store Fixtures appealed to the county court and retained counsel, it filed an amended petition asserting claims for breach of contract, negligent misrepresentation, fraud, fraud in the inducement, and quantum meruit. Store Fixtures also sought attorney's fees. Appellants filed counterclaims for breach of contract and violations of the Deceptive Trade Practices–Consumer Protection Act (DTPA), Tex. Bus. & Com. Code Ann. subch. E. Appellants also sought attorney's fees.

Store Fixtures filed a plea to the jurisdiction and motion to dismiss all of appellants' counterclaims under former Rule 574a. The rule provided,

> Either party may plead any new matter in the county or district court which was not presented in the court below, but no new ground of recovery shall be set up by the plaintiff, nor shall any set-off or counterclaim be set up by the defendant which was not pleaded in the court below.

Tex. R. Civ. P. 574a, 50 Tex. B.J. 868 (1987, repealed 2013). Store Fixtures alleged dismissal was the proper remedy because the county court lacked subject matter jurisdiction over appellants' newly pleaded counterclaims.[2] Appellants responded that

---

[2] *See Hatmaker v. Farmers Tex. Cnty. Mut. Ins. Co.*, No. 14-98-00552-CV, 1999 WL 459788, at *3 (Tex. App.—Houston [14th Dist.] July 8, 1999, no pet.) (not designated for publication); *Kramek v. Stewart*, 648 S.W.2d 399, 401–02 (Tex. App.—San Antonio 1983, no writ); *Tex. Co. v. Henderson*, 154 S.W.2d 911, 911 (Tex. Civ. App.—El Paso 1941, no writ); *Racugno v. Hanovia Chem. & Mfg.*

4

severance was the proper remedy[3] and also requested severance of Store Fixtures' newly pleaded claims of breach of contract, quantum meruit, fraudulent inducement, and negligent misrepresentation. The county court granted partial relief to both sides, ordering severance of Store Fixtures' negligent misrepresentation claim and appellants' DTPA claim. At the de novo trial, only the contract claims were tried, along with the amounts of attorney's fees.

## B. Analysis

Regardless of whether Store Fixtures alleged a breach of contract claim in its written petitions in justice court, the law recognizes a presumption that Store Fixtures orally pleaded its breach of contract claim in justice court. *See Gordon v. Zoes*, 125 S.W.2d 1049, 1049–50 (Tex. Civ. App.—Galveston 1939, no writ) (holding that the county court's judgment was not void based on an allegation that the plaintiff brought a new cause of action not pleaded in justice court; "While plaintiff filed certain written pleadings in the justice court, he expressly reserved the right in said pleadings to plead orally on the trial of the case. It is uniformly held in this State that in cases originating in the justice court, pleadings may be either oral or written, or partly oral and partly written. In the absence of a showing to the contrary, it will be presumed that said written pleadings were supplemented by such oral amendments as cured any defects therein, and that such pleadings as amended supported the judgment rendered by the trial court."); *Garcia v. Rendon*, 59 S.W.2d 881, 881 (Tex. Civ. App.—San Antonio 1933, no writ) ("If the oral plea made by appellee was not pleaded in the justice's court, appellant should have shown it. The mere fact that the justice of the peace did not note

---

Co., 110 S.W.2d 249, 250 (Tex. App.—Fort Worth 1937, no writ); *see also Neal v. Beck Funeral Home*, 131 S.W.2d 778, 780–81 (Tex. Civ. App.—Fort Worth 1939, writ dism'd).

[3] *See New Wave Props., Inc. v. Wikoff*, No. 13-11-00762-CV, 2012 WL 2929623, at *3 (Tex. App.—Corpus Christi July 19, 2012, no pet.) (mem. op.); *Harrill v. A.J.'s Wrecker Servs., Inc.*, 27 S.W.3d 191, 195 (Tex. App.—Dallas 2000, pet. dism'd w.o.j.); *D'Tel Commc'ns v. Roadway Package Serv., Inc.*, 987 S.W.2d 213, 214 (Tex. App.—Eastland 1999, no pet.).

the oral pleadings did not prove that they were not made.").[4]  This presumption exists because the rules specifically require oral pleadings in the justice court.  *See* Tex. R. Civ. P. 525, 3 Tex. B.J. 607 (1940, repealed 2013) ("The pleadings shall be oral . . .").[5]

The presumption is rebuttable.  *See Gordon*, 125 S.W.2d at 1049–50; *Garcia*, 59 S.W.2d at 881.  For example, a statement regarding the oral pleadings may be noted on the justice court's docket.  *See* Tex. R. Civ. P. 525, 3 Tex. B.J. 607 (1940, repealed 2013) ("The pleadings shall be oral . . . but a brief statement thereof may be noted on the docket . . . ."); *see also* Subcomm. on Interpretation of Rules of Civil Procedure, State Bar of Tex., Op. 27-a, 5 B.J. 287 (1942) (noting that this statement may be necessary because "it may become important to show what the old pleadings were with . . . contentions that a new cause of action has been set up for the first time in the county court").

The record here contains no such notation, but the lack of a notation does not rebut the presumption of oral pleading.  *See Gordon*, 125 S.W.2d at 1049–50; *Garcia*, 59 S.W.2d at 881; *Amarillo Commercial*, 140 S.W. at 378.  Nor does the record contain any evidence that Store Fixtures did not orally plead a breach of contract claim in the

---

[4] *See also Fort Worth & D.C. Ry. Co. v. Brewer*, 1 S.W.2d 686, 686 (Tex. Civ. App.—Amarillo 1928, no writ) ("If the record does not disclose that the written pleadings constituted the whole pleadings, it will be presumed that there were oral pleadings necessary to support the judgment."); *Amarillo Commercial Co. v. Chicago, R.I. & G. Ry. Co.*, 140 S.W. 377, 378 (Tex. Civ. App.—Amarillo 1911, no writ) ("[If] no oral pleadings on the part of the plaintiff are noted on the docket, it will be presumed that there was some oral pleading by plaintiff at the time the account was filed, from which the justice received that information, and which he failed to note upon the docket.").

[5] Parties have pleaded orally in justice courts since the early days of the Republic, and the practice continued in early statehood.  *See, e.g.*, Act approved Nov. 4, 1837, 2d Cong., R.S., § 1, 1837 Repub. Tex. Laws 14, *reprinted in* 1 H.P.N. Gammel, *The Laws of Texas 1822–1897*, at 1356 (Austin, Gammel Book Co. 1898) ("[A]ll civil proceedings before justices of the peace, shall be had in a summary manner, and without the formality of a petition in writing . . . ."); Act approved Aug. 13, 1870, 12th Leg., C.S., ch. 65, § 7, 1870 Tex. Gen. Laws 87, 93, *reprinted in* 6 H.P.N. Gammel, *supra*, at 261, 267 ("The pleading in a justice's court shall be oral . . . .").

justice court.[6]  Because appellants did not rebut the presumption of oral pleading, we presume that Store Fixtures orally pleaded a breach of contract claim in the justice court, and therefore, the claim was not a new ground of recovery in the county court.

Appellants' first issue is overruled.

### III.   SUFFICIENCY OF THE EVIDENCE

Appellants' second issue is that "there is legally insufficient evidence that Jamie Genender or Critter Stuff breached any contractual duty to USA Store Fixtures." Appellants argue that there is no evidence to support the jury's "yes" answer for each appellant in Jury Question No. 1, which asked, "Did Jamie Genender and/or Critter Stuff fail to comply with the agreement?"  Thus, appellants challenge the "breach" element of Store Fixtures' claim and contend that the claim "must be based entirely upon Genender's action in submitting a dispute of the transaction through the chargeback process established by her credit card company."

Appellants contend that their "promise to pay was stipulated upon compliance with the Cardholder Agreement" because when Store Fixtures charged Genender's credit card, Store Fixtures sent her an unsigned receipt (Defendant's Exhibit No. 3), which states, "I agree to pay above total amount according to card issuer agreement. (Merchant Agreement if Credit Voucher)."[7]  So, because it is undisputed that Store Fixtures lost the credit card dispute due to its "failure to comply" with its merchant

---

[6] In fact, in the first pleading filed in county court—appellants' answer—appellants pleaded an "affirmative defense of failure of consideration," thus indicating that Store Fixtures had previously pleaded a breach of contract claim.  At the time, the only written pleadings Store Fixtures had filed were its justice court petitions.

[7] Although some of these words on Defendants' Exhibit No. 3 appear illegible, Store Fixtures' does not contest appellants' interpretation, so we accept as true this factual allegation.  *See* Tex. R. App. P. 38.1(g) ("In a civil case, the court will accept as true the facts stated unless another party contradicts them.").

account agreement, appellants claim they could not possibly have breached the contract for the sale of the shelving.[8]

Store Fixtures contends that there is evidence of appellants' breach because they agreed to purchase goods, accepted the goods, and ultimately did not pay for the goods. We agree with Store Fixtures.

We find no authority, and appellants have cited none, to suggest that in general (or under any specific circumstances), a buyer has not breached a sale-of-goods contract as a matter of law when a credit card company reverses a charge in favor of the buyer at the buyer's request. In fact, there is authority that a party's obtaining a credit card chargeback does not erase liability for obligations owed. *See CSL Prop. Mgmt. Co. v. Thyssenkrupp Elevator Co.*, No. 01-11-00665-CV, 2013 WL 396252, at \*2, \*6 (Tex. App.—Houston [1st Dist.] Jan. 31, 2013, no pet.) (mem. op.) (upholding summary judgment for the plaintiff on its indemnity claim where the factual basis for part of the claim was the defendant's failure to indemnify an amount reversed by a third party's credit card company). Defendant's Exhibit No. 3 does not conclusively establish that the parties agreed to resolve disputes solely under their credit card companies' chargeback policies. To the extent there was an ambiguity, the jury resolved it in favor of Store Fixtures. *See Reilly v. Rangers Mgmt., Inc.*, 727 S.W.2d 527, 529 (Tex. 1987) (ambiguity in contract creates question of fact for jury).[9]

---

[8] Appellants suggest this case has

> enormous implications for consumers in Texas and across the country [because it] addresses an all-too-common occurrence but a novel legal question: whether a consumer who properly and successfully disputes a credit card charge pursuant to a merchant's agreement with its credit card company may nevertheless be sued by and found liable to that same merchant for the full disputed amount despite the merchant's failure to comply with such agreement.

[9] Appellants also ask this court to consider several excluded exhibits related to the credit card dispute, including Genender's two-page complaint filed with her credit card company and a notification from Store Fixtures' credit card company that the dispute was resolved in Genender's

Store Fixtures adduced evidence that it sent appellants the shelving Genender ordered, that appellants accepted the shelving, and that Genender initiated a chargeback on her credit card, resulting in appellants' failures to pay for the goods accepted.[10] A buyer's failure to pay the contract rate for goods accepted constitutes a breach of contract. *See* Tex. Bus. & Com. Code Ann. 2.607(a); *see also Garden Ridge, L.P. v. Advance Int'l, Inc.*, 403 S.W.3d 432, 445 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (proper to instruct the jury about what constitutes acceptance of goods and about "the UCC's provision that the buyer must pay the contract rate for goods it accepts").[11] Accordingly, the evidence is legally sufficient to support the jury's affirmative answer to Jury Question No. 1.

Appellants' second issue is overruled.

## IV. PRESENTMENT

In their third issue, appellants contend "the county court erred in submitting to the jury and entering judgment on [Store Fixtures'] attorney's fee award because there are no pleadings or legally or factually sufficient evidence of timely presentment." We agree with appellants that there is no evidence to support an implied finding that Store Fixtures presented its claim.

To recover attorney's fees for a breach of contract claim under Section 38.001 of the Texas Civil Practice and Remedies Code,

---

favor. These exhibits do not support appellants' construction of the contract or remove any ambiguity about the terms of the contract.

[10] There was conflicting evidence about whether appellants accepted the shelving and whether the shelving conformed to the contract. But the jury resolved this conflicting evidence in Store Fixtures' favor, finding that appellants failed to comply with the agreement and Store Fixtures did not fail to comply with the agreement. We must defer to the jury's resolution of conflicting evidence. *See, e.g.*, *City of Keller v. Wilson*, 168 S.W.3d 802, 820–21 (Tex. 2005).

[11] The jury charge here defines "acceptance" and declares, "A buyer must pay at the contract rate for any goods accepted."

9

(1) the claimant must be represented by an attorney;

(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

Tex. Civ. Prac. & Rem. Code Ann. § 38.002. Presentment is a "demand or request for payment or performance, whether written or oral." *Gibson v. Cuellar*, 440 S.W.3d 150, 157 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (citing *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981)). No particular form of presentment is required. *Id.* However, merely filing suit for a breach of contract, by itself, does not constitute presentment. *See Huff v. Fid. Union Life Ins. Co.*, 312 S.W.2d 493, 500 (Tex. 1958) (addressing predecessor statute).[12]

The claimant bears the burden of both pleading and proving presentment. *See, e.g.*, *Gibson*, 440 S.W.3d at 157 (citing *Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983)). "The purpose of the presentment requirement is to allow the party against whom the claim is asserted an opportunity to pay it or tender performance within 30 days after they have notice of the claim without incurring an obligation for attorney's fees." *Id.* (citing *Jones*, 614 S.W.2d at 100).[13]

---

[12] *See also Gutierrez v. Wright Lawfirm, PLLC*, No. 05-10-00725-CV, 2012 WL 1898950, at *6 (Tex. App.—Dallas Apr. 27, 2012, no pet.) (mem. op.); *Belew v. Rector*, 202 S.W.3d 849, 857 (Tex. App.—Eastland 2006, no pet.); *Harrison v. Gemdrill Int'l, Inc.*, 981 S.W.2d 714, 719 (Tex. App.—Houston [1st Dist.] 1998, pet. denied); *Evans Cooperage of Houston, Inc. v. Port Drum Co.*, No. C14-92-00966-CV, 1994 WL 7243, at *4 (Tex. App.—Houston [14th Dist.] Jan. 13, 1994, writ denied) (not designated for publication); *Jim Howe Homes, Inc. v. Rogers*, 818 S.W.2d 901, 904 (Tex. App.—Austin 1991, no pet.); *Mackey v. Mackey*, 721 S.W.2d 575, 579 (Tex. App.—Corpus Christi 1986, no writ).

[13] The parties dispute when exactly presentment must be made, and this court appears to have conflicting precedent on the subject. *Compare Caldwell & Hurst v. Myers*, 714 S.W.2d 63, 65 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) ("Proper presentment is the assertion of a claim and a request for payment made 30 days before initiation of a suit."), *with Peissel v. Peissel*, 620 S.W.2d 796, 800 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ) ("The rule in Texas is presentment of the claim must be made at least 30 days before trial, even if made after the suit is filed."), *and Cano v.*

Generally, presentment is an issue of fact. *See id.* at 157 n.7 (trial court's finding of presentment was a finding of fact, not a conclusion of law); *see also France v. Am. Indem. Co.*, 648 S.W.2d 283, 286 (Tex. 1983) (trial court erred to conclude that the plaintiff was not entitled to attorney's fees when there was some evidence of presentment; "At the very least, a fact issue was raised here as to presentment."); *cf. Roylex, Inc. v. Avco Cmty. Developers, Inc.*, 559 S.W.2d 833, 838 (Tex. App.—Houston [14th Dist.] 1977, no writ) ("Since the evidence on presentment was conclusive, that issue did not have to be submitted to the jury."); *Turner v. Lubbock Cnty. Hosp. Dist.*, No. 07-96-0272-CV, 1998 WL 3554, at *5–6 (Tex. App.—Amarillo Jan. 6, 1998, no pet.) (not designated for publication) (finding reversible jury charge error because the issue of presentment "should have been submitted to the jury for determination" when the evidence was disputed).

When, as here, the issue of the amount of attorney's fees is found by the jury without a request for a jury finding on the issue of presentment, Rule 279 of the Texas Rules of Civil Procedure operates so presentment is deemed found. *See Adams v. Petrade Int'l, Inc.*, 754 S.W.2d 696, 720 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (deemed finding on presentment); *Atkin v. Cobb*, 663 S.W.2d 48, 53 (Tex. App.—San Antonio 1983, writ dism'd) (same). Appellants now challenge the sufficiency of the evidence to support the deemed finding. *See Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228–29 (Tex. 2011) (deemed findings may be reviewed for

---

*Nino's Paint & Body Shop*, No. 14-08-00033-CV, 2009 WL 1057622, at *7 (Tex. App.—Houston [14th Dist.] Apr. 16, 2009, no pet.) (mem. op.) ("Presentment may be made either before or after filing suit, provided it is made at least 30 days before judgment."). Because we hold that Store Fixtures failed to prove presentment under the latest timeframe possible—30 days before judgment—we need not resolve when presentment must be made.

sufficiency of the evidence); *see also Adams*, 754 S.W.2d at 720 (legally sufficient evidence supported deemed finding on presentment).[14]

Store Fixtures contends that it proved presentment in a number of ways: (1) by sending appellants an invoice; (2) by making a demand for payment during the credit card dispute; (3) by providing appellants discovery responses showing a claim for breach of contract; and (4) by engaging in settlement negotiations and orally making a demand for payment during those negotiations. We address each contention in turn.

## A. Invoice

Store Fixtures contends that Genender admitted to receiving an invoice as well as having the credit card charge reversed, "thus constituting non-payment of the invoice." Evidence that the plaintiff sent an invoice to the defendant can satisfy a plaintiff's burden to prove presentment. *See Gordon v. Leasman*, 365 S.W.3d 109, 116 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Roylex, Inc.*, 559 S.W.2d at 838. But Store Fixtures cites to Plaintiff's Exhibit No. 1, which is not an "invoice" but rather a "quote" dated April 18, 2011. It is undisputed that this quote was prepared several weeks before appellants agreed to purchase any shelving—before any contract was formed—and it did not reflect the parties' actual agreement as to the amount of shelving and cost of shipping.

Because no contract then existed, Store Fixtures had no breach of contract claim against appellants, and there was no "just amount owed" to Store Fixtures.

---

[14] An award of attorney's fees must be reversed if there is no evidence of presentment. *See Helping Hands Home Care, Inc. v. Home Health of Tarrant Cnty., Inc.*, 393 S.W.3d 492, 516–17 (Tex. App.—Dallas 2013, pet. denied) (trial court correctly granted JNOV denying attorney's fees because there was no evidence of presentment); *Border Gateway, L.L.C. v. Gomez*, No. 14-10-01266-CV, 2011 WL 4361485 (Tex. App.—Houston [14th Dist.] Sept. 20, 2011, no pet.) (mem. op.) (trial court abused its discretion in a bench trial by awarding attorney's fees because there was "no evidence" of presentment); *Edinburg Meat Prods. Co. v. Vernon Co.*, 535 S.W.2d 432, 437 (Tex. Civ. App.— Corpus Christi 1976, no writ) (sustaining "no evidence" point on presentment issue).

Accordingly, Plaintiff's Exhibit No. 1 is not evidence of presentment as a matter of law. *See Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 817–19 (Tex. 2006) (plaintiff's demand for underinsured motorist benefits made before a court signed a judgment on the motorist's liability and damages was not evidence of presentment as a matter of law because at the time of the alleged presentment there was no contractual duty to pay; when there is no contractual duty to pay, there is no "just amount owed" under Section 38.002; reasoning that a contract claim requires the existence of a duty or obligation that the opposing party has failed to meet); *cf. McNeil v. BMC Software Inc.*, 306 Fed. App'x 889, 894 (5th Cir. 2009) (employee's request that employer promise to pay a bonus that had not yet accrued was not presentment as a matter of law; at the time of the request, there was no "just amount owed" and no "claim" to present; request for a party to meet its future contractual obligations is not a claim for a just amount owed).[15]

## B.    During the Credit Card Dispute

Store Fixtures contends that it presented its breach of contract claim by "inform[ing] the credit card company during the credit card dispute that it would seek legal action if the charges were reversed," and by making a demand for payment "during the entire dispute."  Store Fixtures cites Defendant's Exhibits Nos. 26 and 32.

Defendant's Exhibit No. 26 is a one-page document titled "chargeback notification" apparently sent from "merchant services" to Store Fixtures to notify Store

---

[15] Although not cited by Store Fixtures on appeal, Plaintiff's Exhibit No. 3 is an "invoice" contained in this the record.  It is dated May 3, 2011, the date that appellants paid for the shelving on Genender's credit card.  But it shows a "Payments/Credits" of the full amount of the invoice and a "balance due" of $0.00.  This does not show a demand for payment on an existing claim for a just amount owed. Further, we note that Store Fixtures contends that nonpayment occurred when the credit card charge was reversed.  But Store Fixtures' president testified that Store Fixtures never demanded payment or contacted Genender about a contract claim before initiating suit in the justice court.  There is no evidence that Store Fixtures sent an invoice to appellants showing a balance owing—no demand for payment.

Fixtures of the chargeback and explain what Store Fixtures could do to contest the chargeback. This document does not show a demand for payment from Store Fixtures.

Defendant's Exhibit No. 32 consists of about ninety pages of documents from Bank of America Merchant Services, Store Fixtures' merchant account provider. Appellants had requested, among other things, any and all records reflecting "any communications by Chase, Merchant Services, and/or the parties." We have reviewed the exhibit. It contains no demand for payment from Store Fixtures.

## C. Discovery Responses

Store Fixtures contends that it presented its claim by providing appellants "discovery responses," which "show[ed] Plaintiff's claim for breach of contract, the basis of the claim and it[s] claim for damages." Store Fixtures does not cite to the record for this assertion nor describe in any way how a demand for payment was made through its "discovery response."[16]

## D. Settlement Negotiations

Finally, Store Fixtures contends that it orally presented its claim to appellants' counsel during settlement negotiations. As evidence, Store Fixtures first cites to Plaintiff's Exhibit No. 6, which consists of copious billing records from Store Fixtures' lawyers. Store Fixtures refers to an entry for July 12, 2012: "confer with opposing counsel re: potential to resolve." Evidence that the parties participated in settlement negotiations, without more, is no evidence of presentment. *See Border Gateway, L.L.C. v. Gomez*, No. 14-10-01266-CV, 2011 WL 4361485, at *9 (Tex. App.—Houston [14th

---

[16] We have reviewed Exhibit C to Store Fixtures' response to appellants' motion to disregard the jury's answer to Jury Question No. 5 regarding attorney's fees, which is Store Fixtures' response to appellants' request for disclosures. The document does not demand payment of the claim but rather explains the legal theories and factual bases for the claim. Regardless, the trial court would have abused its discretion by considering the document for the same reasons articulated below in Part IV.D of this opinion regarding the affidavit.

Dist.] Sept. 20, 2011, no pet.) (mem. op.). Such evidence is insufficient to prove presentment because it does not satisfy the purpose of the presentment requirement: to provide the defendant with "the opportunity, by undertaking specific action, to avoid paying attorney's fees." *Belew v. Rector*, 202 S.W.3d 849, 856–57 (Tex. App.— Eastland 2006, no pet.) (evidence that counsel "had some settlement discussions" was insufficient).

Next, Store Fixtures refers to an affidavit from its counsel, Jerrad Bloome, where he testified that he made a demand for payment of the invoice amount to appellants' counsel on July 12, 2012. However, Store Fixtures filed this affidavit after the jury had reached a verdict, only in response to appellants' motion to disregard the jury's answer to Jury Question No. 5 concerning attorney's fees. Appellants objected to the trial court's consideration of the affidavit,[17] but the trial court overruled the objection.

Although a trial court has discretion to permit additional evidence to be offered at any time, "in a jury case no evidence on a controversial matter shall be received after the verdict of the jury." Tex. R. Civ. P. 270. Here, the issue of presentment was controverted. Appellants had pleaded in their answer that Store Fixtures failed to present its claim, and appellants objected during trial to the submission of Jury Question No. 5 because Store Fixtures had failed to offer any evidence of presentment. After the jury's verdict, appellants filed a motion to disregard the jury's finding on attorney's fees and an amended JNOV on the issue because there was no evidence of presentment. At the hearing on the post-verdict motions, after the trial court had overruled appellants' objection to the affidavit, the trial court allowed appellants to make a record about the lack of presentment. Counsel for appellants, Jan Fox, testified that she had no records of any July 12 conversation with Bloome, that it would have been her practice to

---

[17] Appellants objected because the affidavit was "an improper and untimely attempt to supplement the record before the jury."

document such a conversation, and that no such conversation occurred based on her records.[18]

Under these circumstances, the trial court abused its discretion by reopening the evidence on a controverted matter after dismissing the jury, and the trial court should have granted appellants' motion to disregard the jury's finding on the issue of attorney's fees and entered judgment accordingly. *See Helping Hands Home Car, Inc. v. Home Health of Tarrant Cnty., Inc.*, 393 S.W.3d 492, 516–17 (Tex. App.—Dallas 2013, pet. denied) (trial court correctly granted JNOV on attorney's fees and refused to reopen the case for evidence of presentment because "the evidence is insufficient to show Specialties met the procedural requirements for the award"); *see also Univ. of Tex. at Austin v. Ables*, 914 S.W.2d 712, 718 (Tex. App.—Austin 1996, no writ) (trial court abused its discretion under Rule 270 by considering evidence about the amount of attorney's fees after the jury's verdict; rendering take-nothing judgment on attorney's fees), *cited with approval in Hatfield v. Solomon*, 316 S.W.3d 50, 67 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Because there was no evidence before the jury to support a deemed finding that Store Fixtures presented its claim to appellants, we sustain appellants' third issue.[19]

## V. CONCLUSION

Appellant's first and second issues are overruled, but appellants' third issue is sustained. We modify the trial court's judgment to delete the award of attorney's fees—in particular, the following paragraph:

---

[18] Although Bloome testified before the jury about the amount of his fees, he did not testify about the alleged July 12 demand.

[19] Because we conclude Store Fixtures failed to prove presentment, we do not address appellants' contention that Store Fixtures failed to plead presentment. *See* Tex. R. App. P. 47.1.

It is hereby ORDERED that Jamie Michele Genender and Critter Stuff, L.L.C., jointly and severally, pay to USA Store Fixtures the amount of $38,000, representing the reasonable and necessary attorneys' fees in this case and a contingent award of attorneys' fees in the amount of $20,000 if this case is appealed to the Court of Appeals, and $20,000 if this case is appealed to the Supreme Court of Texas.

We affirm the trial court's judgment as modified.


/s/    Sharon McCally
Justice


Panel consists of Justices McCally, Brown, and Wise.