**Opinion issued April 2, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00584-CV

————————————

**BRANDON RAY SVOBODA AND KAREN LAM SVOBODA, Appellants**

**V.**

**JACKIE THAI, Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2014-43646**

---

## MEMORANDUM OPINION

The central question in this appeal is whether the final judgment properly awarded attorney's fees to appellee Jackie Thai, who prevailed in the underlying contract dispute. Thai pleaded for attorney's fees in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code, and the case was tried to a jury,

which determined reasonable attorney's fees for litigation in the trial court. The trial court entered judgment on the verdict, and the Svobodas appealed.

On appeal, the Svobodas contend that: (1) the court erred by awarding attorney's fees because Thai did not plead and prove presentment, and because the amount of fees found by the jury was unreasonable, and (2) the jury's finding that Thai did not make an excessive demand was contrary to the great weight of the evidence. Because there was neither an express nor deemed fact finding about presentment, we cannot consider the appellants' contention that there was no proof of presentment under the usual sufficiency standards of review. Considering the appellants' arguments in light of the procedural history, we conclude that presentment was not proved as a matter of law, and therefore the judgment for attorney's fees must be reversed. Accordingly, we reverse the award of attorney's fees and render judgment for Thai on her contract claim.

**Background**

Jackie Thai sold a nail salon, "Jenny Nails," to Brandon and Karen Svoboda for $54,000. The bill of sale provided for three payments: (1) $23,000 due at closing on April 7, 2014; (2) $23,000 due on May 7, 2014; and (3) $8,000 due on August 7, 2014. The Svobodas made the first two payments. The bill of sale provided for the transfer of all assets of the business, including goodwill, to the Svobodas. It did not require Thai to continue working or be present at the nail

salon after the sale, but the Svobodas maintained that Thai had separately, orally agreed to assist with introduction and retention of clients. When that did not occur in a manner that satisfied the Svobodas, their lawyer sent Thai a demand letter under the Texas Deceptive Trade Practices Act (DTPA). The letter, which was sent three weeks before the final $8,000 payment was due, asserted that Thai had fraudulently induced the Svobodas' purchase of the nail salon and sought return of the $46,000 of the purchase price that had been paid. Two weeks later, Thai filed suit against the Svobodas for breach of contract.

Thai sued the Svobodas for the outstanding $8,000 on the contract for sale of Jenny Nails. She alleged: "On or about July 11, 2014, Defendants [the Svobodas] notified Plaintiff [Thai] that they refuse to comply with the Agreement and refuse to pay the remaining $8,000 balance." Thai also pleaded for "an award of attorney's fees and costs pursuant to Section 38.001 et seq. of the Texas Civil Practices & Remedies Code."

The Svobodas filed a general denial, and they alleged that Thai was not entitled to attorney's fees because she failed to present the claim as required by Chapter 38. The Svobodas filed counterclaims for fraudulent inducement and violation of the DTPA. They also later asserted that a subsequent settlement demand should not be construed as presentment, but if it were, the demand was excessive.

At trial, Thai's attorney, John Na, testified about attorney's fees. He testified about his experience and that of his colleagues, and he explained the hourly rates and charges shown on the billing records. He initially testified that the total amount of attorney's fees through trial was $16,542.50, but then he corrected himself and testified that the number did not include fees for an emergency hearing and for trial. Na testified that, including the emergency hearing and the trial, the attorney's fees were $19,437.50. On cross-examination, Na was asked about the fees for specific tasks, and he testified that there were no depositions, little discovery, and few hearings before trial.

Na testified without objection that Texas law permits recovery of attorney's fees "as long as you make a presentment where the other side has an opportunity to pay what's owed and avoid $20,000 going to trial." He asserted that his firm had presented the claim to the Svobodas twice: (1) in January 2015 when a colleague sent a demand letter seeking $18,000, and (2) by oral conversations with the Svobodas' prior attorney in which Na demanded payment of at least $8,000 and negotiated attorney's fees. Na said that the $18,000 demanded in the letter represented the $8,000 contract claim plus attorney's fees that accrued as of the date of the letter. When confronted with his billing statements, he acknowledged that less than $4,000 in attorney's fees had accrued by the date of the letter. Na then testified that the letter was part of settlement negotiations, and "you always

4

start high." Na could not identify a date when the oral conversations with the Svobodas' prior attorney occurred, and he acknowledged that that no phone calls or conversations with opposing counsel were noted in his billing records. He nevertheless testified that he "remember[ed] as a fact that he did" talk to the Svobodas' prior attorney. He also testified that the conversations with the attorney were in the context of settlement: "I saw that my office made a demand for 18,000. But in my phone conversations with [the Svobodas' attorney], I told him . . . their clients need to come at least up to 8,000, which they wouldn't do so we can talk about settlement."

The jury found in favor of Thai on the breach-of-contract claim, and it found that Thai did not make an excessive demand for payment. The jury determined that $16,542.26 was a reasonable attorney's fee for representation in the trial court. The trial court entered judgment on the verdict, which included an award of attorney's fees.

The Svobodas filed a motion for new trial in which they challenged the award of attorney's fees and the jury's verdict on a question on which the Svobodas had the burden of proof: whether Thai had made an excessive demand. They asserted that there was neither pleading nor proof of presentment of the claim, as required by Chapter 38 of the Texas Civil Practice and Remedies Code and that the amount of attorney's fees was excessive. They also challenged the

finding on excessive demand. The motion for new trial was overruled by operation of law, and the Svobodas appealed.

## Analysis

The Svobodas raise two issues on appeal, each with several subpoints. Their first issue challenges the award of attorney's fees. They assert that although Thai pleaded for attorney's fees under Chapter 38, she did not specifically plead that presentment occurred. They further assert that there was no evidence of presentment and that the jury's award of attorney's fees was unreasonable. Their second issue challenges the jury's finding that Thai's demand was not excessive.

## I.     The Svobodas challenge the evidence of presentment.

### A. Chapter 38 requires presentment of a claim as a prerequisite for obtaining a judgment for attorney's fees.

In Texas, litigants generally are responsible for their own attorney's fees, *Ashford Partners, Ltd. v. ECO Res., Inc.*, 401 S.W.3d 35, 41 (Tex. 2012), unless an award of attorney's fees is authorized by statute or the parties' contract. *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 915 (Tex. 2015); *see Peterson Grp., Inc. v. PLTQ Lotus Grp., L.P.*, 417 S.W.3d 46, 60 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). "Absent exceptions not applicable here, the party requesting attorney's fees must affirmatively plead for them to be eligible for a judgment containing a fee award." *Murphy*, 458 S.W.3d at 915 (citing TEX. R. CIV. P. 301).

6

Texas Civil Practice and Remedies Code section 38.001 authorizes recovery of attorney's fees on a breach-of-contract claim. TEX. CIV. PRAC. & REM. CODE § 38.001. "To recover attorney's fees under this statute, a party must first prevail on the underlying claim *and* recover damages." *In re Nalle Plastics Family Ltd. P'ship*, 406 S.W.3d 168, 173 (Tex. 2013). The statute also requires that:

(1) the claimant must be represented by an attorney;

(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

TEX. CIV. PRAC. & REM. CODE § 38.002.

"The purpose of the presentment requirement is to allow the party against whom the claim is asserted an opportunity to pay it or tender performance within 30 days after they have notice of the claim without incurring an obligation for attorney's fees." *Gibson v. Cuellar*, 440 S.W.3d 150, 157 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981) (same; interpreting predecessor statute to section 38.001); *Lyon v. Bldg. Galveston, Inc.*, No. 01-15-00664-CV, 2017 WL 4545831, at *11 (Tex. App.—Houston [1st Dist.] Oct. 12, 2017, pet. denied) (mem. op.) (same). Presentment is a demand or request for payment or performance, whether written or oral. *See Jones*, 614 S.W.2d at 100; *Lyon*, 2017 WL 4545831, at *11. No particular form of

7

presentment is required, *see Lyon*, 2017 WL 4545831, at *11, but "merely filing suit for a breach of contract, by itself, does not constitute presentment." *Genender v. USA Store Fixtures, LLC*, 451 S.W.3d 916, 924 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Presentment must be pleaded and proved. *See Lyon*, 2017 WL 4545831, at *11. However, in the absence of a special exception pointing out the lack of specific pleading of presentment, a pleading that gives "fair notice" that the party is seeking to recover attorney's fees under Chapter 38 is sufficient. *Id.* at *10 (citing *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982) ("A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim.")).

In this case, Thai pleaded for attorney's fees under Chapter 38: "Plaintiff is further entitled to an award of attorney's fees and costs pursuant to Section 38.001 et seq. of the Texas Civil Practices & Remedies Code." The Svobodas did not file a special exception regarding the lack of specificity of Thai's pleading. In their first amended answer, the Svobodas pleaded that Thai had not "given proper demand under the statute upon which she relies for an award of attorneys' fees." They further pleaded that "a demand was made under the rubric of a settlement demand, which under law should not be considered a demand pursuant to statute." Considering both the absence of special exceptions and the Svobodas' answer,

which indicated that they had fair notice of Thai's intent to recover attorney's fees under Chapter 38, we reject the Svobodas' argument that Thai did not plead presentment. *See Lyon*, 2017 WL 4545831, at \*10. We do not need to address Thai's assertions that presentment was tried by consent. *See* TEX. R. APP. P. 47.1.

### B. There was no actual or deemed fact finding of presentment.

The Svobodas challenge the evidentiary support for presentment of the claim, and in their brief, they recite the usual standards of review for legal and factual sufficiency of an adverse finding on an issue on which they did not bear the burden of proof. Similarly, Thai's brief recites the factual sufficiency standard of review for an adverse finding on which a party did not bear the burden of proof. Both the Svobodas and Thai have predicated their sufficiency arguments on standards of review that require a factfinding. *See City of Keller v. Wilson*, 168 S.W.3d 802, 810–17 (Tex. 2005). Those standards are not applicable to this case because there was no factfinding on presentment.

"Generally, presentment is an issue of fact," *Genender*, 451 S.W.3d at 924; *accord Lyon*, 2017 WL 4545831, at \*11. Disputed fact questions are ordinarily submitted to the factfinder. *See Bowman v. Stephens*, No. 01-17-00522-CV, 2018 WL 6053580, at \*6 (Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.). However, when the evidence is not conflicting or susceptible of more than one inference, a factual matter may be determined as a matter of law. *United Servs.*

9

*Auto. Ass'n v. Hayes*, 507 S.W.3d 263, 282 (Tex. App.—Houston [1st Dist.] 2016, pet. granted, judgm't vacated w.r.m.) ("A proposition is established as a matter of law when a reasonable fact finder can draw only one conclusion from the evidence presented."); *see City of Keller*, 168 S.W.3d at 814–16; *Bowman*, 2018 WL 6053580, at *6.

The jury charge asked one question about attorney's fees and one question about excessive demand:

**QUESTION NO. 3**

What is a reasonable fee for the necessary services of Jackie Thai's attorneys, stated in dollars and cents?

Factors to consider in determining a reasonable fee include—

1. The time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services properly.

2. The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer.

3. The fee customarily charged in the locality for similar legal services.

4. The amount involved and the results obtained.

5. The time limitations imposed by the client or by the circumstances.

6. The nature and length of the professional relationship with the client.

7. The experience, reputation, and ability of the lawyer or lawyers performing the services.

10

8. Whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer with an amount for each of the following:

1. For representation in the trial court.

Answer: $ _____

Answer Question No. 4 if you made an award of attorney's fees under Question No. 3. Otherwise, do not answer Question No. 4.

## QUESTION NO. 4

Did Jackie Thai make an excessive demand for payment from Karen Lam Svoboda and Brandon Ray Svoboda?

A demand by a creditor is an "excessive demand" if the creditor acted unreasonably or in bad faith.

Answer "Yes" or "No."

Answer: _____

The jury answered Question No. 3 "$16,542.26," and it answered "No" to Question No. 4.

At the charge conference, the Svobodas' attorney objected to the question on attorney's fees because it was "missing presentment, which is a necessary predicate for the submission of an issue on attorney's fees." The trial court overruled the objection.

The jury charge did not include a question about whether Thai presented her claim to the Svobodas, within the meaning of section 38.002. Texas Rule of Civil

11

Procedure 279 establishes a procedure for construing the evidence when there is an omission from the charge:

> When a ground of recovery or defense consists of more than one element, if one or more of such elements necessary to sustain such ground of recovery or defense, and necessarily referable thereto, are submitted to and found by the jury, and one or more of such elements are omitted from the charge, ***without request or objection***, and there is factually sufficient evidence to support a finding thereon, the trial court, at the request of either party, may after notice and hearing and at any time before the judgment is rendered, make and file written findings on such omitted element or elements in support of the judgment. If no such written findings are made, such omitted element or elements shall be deemed found by the court in such manner as to support the judgment. . . .

TEX. R. CIV. P. 279 (emphasis added).

To recover attorney's fees, Thai was required to prove not only the amount of attorney's fees that she sought, but also that she was represented by an attorney, that she had presented the claim to the Svobodas, and that the Svobodas did not pay the claim before the expiration of 30 days from the date of presentment. *See* TEX. CIV. PRAC. & REM. CODE § 38.002. Thai was represented by an attorney; that element was established as a matter of law. *See City of Keller*, 168 S.W.3d at 814–16; *Bowman*, 2018 WL 6053580, at *6. The amount of attorney's fees was submitted to the jury, but presentment was not.

Neither party asked the trial court for findings of fact under Rule 279—indeed they were not entitled to them. The procedure for obtaining a factfinding from the court or a deemed finding requires that there was no "request or

12

objection" regarding the language omitted from the charge. In this case, the Svobodas' attorney objected and informed the court that presentment was missing. This was sufficient to alert the trial court that the charge omitted a question about whether Thai had complied with the statutory presentment requirement. *See Turner v. Lubbock Cty. Hosp. Dist.*, No. 07-96-0272-CV, 1998 WL 3554, at *5–6 (Tex. App.—Amarillo Jan. 6, 1998, no pet.) (not designated for publication) (finding that objection to charge submission on attorney's fees was sufficient to alert the trial court that the charge omitted a question on presentment; objection asserted no evidence of presentment; and without such a finding an attorney's fee award would be improper).[1] Therefore, Rule 279 does not apply.

Because there was no jury finding, no finding of fact, and no deemed finding on presentment, the trial court's judgment for attorney's fees is supportable only if presentment was proved as a matter of law. Therefore, we review the evidence to

---

[1]  *But see Genender v. USA Store Fixtures, LLC*, 451 S.W.3d 916, 925 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("When, as here, the issue of the amount of attorney's fees is found by the jury without a request for a jury finding on the issue of presentment, Rule 279 of the Texas Rules of Civil Procedure operates so presentment is deemed found."); *Adams v. Petrade Int'l., Inc.*, 754 S.W.2d 696, 720 (Tex. App.—Houston [1st Dist.] 1988, writ denied) (distinguishing a jury-charge objection based on "no evidence of presentment" from an objection to the omission of an issue on presentment; holding that presentment was deemed found when there was no objection to the omission of presentment from the jury charge); *Atkin v. Cobb*, 663 S.W.2d 48, 53 (Tex. App.—San Antonio 1983, writ dism'd) (deeming finding of presentment under Rule 279 in absence of objection to the failure to submit an issue on presentment).

determine whether presentment was established as a matter of law. *See Hayes*, 507 S.W.3d at 282; *see also City of Keller*, 168 S.W.3d at 814–16.

### C. Thai's evidence of presentment was inconsistent and susceptible of more than one conclusion.

Thai's attorney, John Na, testified at trial about attorney's fees, saying that presentment was accomplished by a demand letter sent in January 2015 and by conversations with the Svobodas prior attorney. The parties agree that Thai's contract damages were $8,000, and that finding is not challenged on appeal.

***The January 2015 demand letter.*** Na testified that his firm made presentment on the Svobodas in January 2015 by way of a letter demanding payment of $18,000, which he testified was $8,000 for damages and the balance for "attorney's fees incurred so far." On cross examination, Na conceded that less than $4,000 in attorney's fees had accrued by the time the letter was sent. The Svobodas' attorney asked about the discrepancy in the numbers:

Q. So that's $6,000 or more, but [than] what you admit is what the reasonable attorney's fees, plus the amount that was actually owed is, right?

A. Yes. This was settlement negotiations.

Q. Well, whatever you want to say that it was, you didn't expect my client—did you expect them to pay the $18,000 even though it was almost $8,000 or $7,000 higher than what you say is reasonable?

A. Of course, my clients wanted them to pay that, but it was negotiation. And I never got your client to go higher or get

14

anywhere near $8,000. So there was no chance of settlement at that point.

This testimony is not evidence that Thai presented the Svobodas with her contract claim for $8,000. Rather, in the January 2015 letter, Thai demanded payment of an amount more than twice the claim during settlement negotiations.

The Svobodas proffered the demand letter as evidence at trial, but the court did not admit it into evidence. The trial court stated, "I intend for it to be a part of the record so that it can go up on appeal." Therefore, we regard its inclusion in the appellate record as an offer of proof. *See* TEX. R. EVID. 103.

The letter itself does not supply the proof that is missing from the testimony. The letter states that Thai "has incurred damages and attorney's fee[s]." The letter proposes a "counter offer" demanding "tender of $18,000.00 before the expiration of 14 days from your receipt of this letter." Nowhere does the letter explain that the demand for contract damages is $8,000 and the remainder represents attorney's fees. On its face, the letter does not comport with the requirements of section 38.002 because it does not present the claim and it expressly states that the counter offer "is automatically revoked" if it is "not met by the expiration date," which was 14, not 30, days from the demand. The January 2015 letter is not conclusive proof of presentment because a reasonable factfinder considering this evidence could draw more than one conclusion from it, including a conclusion that Thai did not

15

comply with the presentment requirement of section 38.002. *See Hayes*, 507 S.W.3d at 282; *see also City of Keller*, 168 S.W.3d at 814–16.

***Na's conversations with Svobodas' attorney.*** Na testified that presentment was made by way of telephone conversations with the Svobodas' attorney, Gary DeSerio. Na testified

> [B]efore Mr. Steidley was the attorney, there were two other lawyers involved. And for the second attorney involved, it was Mr. DeSerio. And we had numerous phone conversations, and I told him from the very get-go, you need to pay at least the $8,000 that's owed, and we can discuss the attorney's fees because at that point it wasn't very high.
>
> And if you pay the 8,000, then we can be done with this. And everyone can go their way, but, you[] know, they didn't. And so that's why we're here today.

Na was questioned about this on cross-examination:

> Q. Let me start with the first thing. Are you saying that you told Mr. DeSerio that if they paid $8,000, the case would end?
>
> A. I told Mr. DeSerio that—
>
> Q. Yes or no? Did you tell him that?
>
> A. Yes.
>
> Q. So you're saying at some point in time—
>
> A. Sorry.
>
> Q. —you made a demand to Mr. DeSerio, that if he paid $8,000, the case would be over?

A. I told him that he had to offer at least $8,000. And then we can negotiate the attorney's fees at that time, which was significantly less than what it is now.

Q. So but in January of 2015, in the same vein you're talking, the demand that you made to Mr. DeSerio was $18,000. Am I right?

A. I didn't make that demand. I saw that letter, but I didn't have anything [to] do with it. But I saw that my office made a demand for 18,000. But in my phone conversations with Mr. DeSerio, I told him we can—we can—their clients need to come at least up to 8,000, which they wouldn't do so we can talk about settlement, and they wouldn't do that.

On appeal, Thai relies on Na's testimony in which he answered "Yes" to the question "Are you saying that you told Mr. DeSerio that if they paid $8,000, the case would end?" She argues that this is proof of presentment. The Svobodas describe this excerpt as "very deceptive," and they maintain that the remainder of Na's testimony demonstrates that there was never a demand for payment of only the $8,000 contract claim.

The record discloses an inconsistency in Na's testimony. Based on Na's testimony that he told Mr. DeSerio that the case would end if the Svobodas paid $8,000 and that he told Mr. DeSerio that they had to pay at least $8,000 and they refused, a reasonable factfinder could conclude that presentment had been made and the Svobodas refused to pay. However, based on Na's testimony about negotiating attorney's fees in addition to the $8,000 contract claim, a reasonable factfinder could have concluded that the substance of the phone conversations was

17

the same as the January 2015 letter: the demand was always for more than the contract claim.

Based on the evidence, a reasonable factfinder could draw more than one—and conflicting—conclusions about presentment. Therefore, we conclude that presentment was not established as a matter of law. *See Hayes*, 507 S.W.3d at 282; *see also City of Keller*, 168 S.W.3d at 814–16. Presentment is a necessary element for recovery of attorney's fees under Chapter 38, but it was neither found as a fact nor proved as a matter of law. Therefore, we hold that the trial court erred by awarding attorney's fees to Thai.

We sustain the Svobodas' first issue in part, and in light of our holding regarding presentment, we do not need to address the Svobodas' second issue regarding excessive demand. *See* TEX. R. APP. P. 47.1.

## Conclusion

We reverse the portion of the judgment that awarded attorney's fees, and we render judgment eliminating the award of attorney's fees and costs under Chapter 38 from the trial court's judgment. The remainder of the trial court's judgment remains the same.


Peter Kelly
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.