Opinion issued December 17, 2020



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00571-CV

_____

**TED B. LYON III, Appellant**

**V.**

**BUILDING GALVESTON, INC., Appellee**

**And**

**BUILDING GALVESTON, INC., Appellant**

**V.**

**TED B. LYON III, Appellee**

On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Case No. 10-CV-2353

## MEMORANDUM OPINION

This is the second appeal in an ongoing dispute between Ted B. Lyon III and Building Galveston, Inc. (BGI). In the first appeal, this Court reversed the portion of the trial court's judgment rendered in BGI's favor on its fraudulent lien and invalid lien claims and the award of attorney's fees to BGI based on those claims. *Lyon v. Bldg. Galveston, Inc.*, No. 01-15-00664-CV, 2017 WL 4545831 (Tex. App.—Houston [1st Dist.] Oct. 12, 2017, pet. denied) (mem. op.) (*Lyon I*). We also reversed the trial court's denial of attorney's fees to BGI on its breach of contract claim, and we "remand[ed] for further proceedings on the attorney's fees issue." *Id.* at *13. On remand, a visiting judge reviewed the transcripts from the original bench trial on attorney's fees and, after hearing the parties' arguments, awarded BGI attorney's fees based on its breach of contract claim. Lyon and BGI are appealing the trial court's judgment.

In six issues with multiple sub-parts, Lyon argues that: (1) the visiting judge erred by not granting him a jury trial on the issue of attorney's fees on remand, and relying instead upon the transcripts of the 2015 bench trial; (2) the district court judge who presided over the 2015 bench trial on attorney fees abused her discretion by admitting BGI's billing records over Lyon's objections (Plaintiff's Exhibit 45); (3) the visiting judge abused her discretion by considering evidence from a mediation proceeding; (4)(a) there is legally and factually insufficient evidence

2

supporting the visiting judges' awards of trial and appellate fees to BGI; (4)(b) the visiting judge "improperly *sua sponte* awarded appellate fees [to BGI] unconditionally for the parties' earlier appeals in this case"; (5) the visiting judge's judgment is void or voidable because she was not authorized to "complete the April 2015 bench trial and to purportedly find facts in 2019 on disputed 2015 evidence" in violation of Lyon's rights under the Texas and United States constitutions; and (6) the visiting judge's judgment is void or voidable because, among other things, she did not preside over the 2015 bench trial on which her judgment on remand is based. BGI raises several counterpoints to these issues.[1]

In one issue, BGI argues that the trial court erred in failing to award BGI conditional appellate attorney fees.

We set aside the trial court's judgment and dismiss the appeal for want of jurisdiction.

---

[1] Although identified as "cross-points," BGI's arguments are more accurately described as "counter-points" because their function is to show that Lyon's position is wrong. *See Dudley Constr., Ltd. v. Act Pipe & Supply, Inc.*, 545 S.W.3d 532, 538 (Tex. 2018) ("Counter-points assist the appellate court in finding the answers given to the points of the appellant. From the standpoint of the advocate, their function is to show that the point or points of the opposite party are not valid.") (internal quotations omitted).

## Background[2]

In 2010, Lyon, on behalf of his construction company, and BGI entered into a subcontract agreement whereby Lyon's company agreed to serve as BGI's subcontractor for a project remodeling a bakery. *See Lyon I*, 2017 WL 4545831 at *1. After BGI fired Lyon, Lyon filed a mechanic's and materialman's lien on the property and sued the bakery's owners to foreclose on the lien.[3] BGI intervened in the suit several months later and asserted claims against Lyon, including claims for breach of contract and filing of a fraudulent lien. *Id.*

After a November 2013 trial on the liability issues, the jury found in BGI's favor with respect to its breach of contract and invalid and fraudulent lien claims. *Id.* The trial was presided over by District Court Judge Michelle Slaughter.

The issue of attorney's fees was tried to the bench by agreement of the parties five months later on April 17, 2015. *Id.* at *2. On April 9, 2015, eight days before the bench trial, BGI filed a supplemental petition in which it alleged that BGI had presented its claim for damages to Lyon more than thirty days before the filing of

---

2    The procedural and factual histories of this case were set forth in our first opinion. *See Lyon v. Bldg. Galveston, Inc.*, No. 01-15-00664-CV, 2017 WL 4545831 (Tex. App.—Houston [1st Dist.] Oct. 12, 2017, pet. denied) (mem. op.) (*Lyon I*). Because this case is on remand and the parties are familiar with the history of this case, we will not repeat it here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.1, 47.4.

3    For ease of reference, we will refer to Lyon and his companies as "Lyon" in this background section.

4

the supplemental petition and that Lyon had failed to pay BGI's damages within thirty days from presentment. *Id.*[4] Judge Slaughter denied BGI's motion for leave to file its supplemental petition because the petition was untimely. *Id.* at *8. Judge Slaughter, however, allowed BGI to put on testimony and offer evidence attempting to establish presentment during the trial over Lyon's objection. *Id.*

At the conclusion of the bench trial, Judge Slaughter took under advisement several objections made by Lyon to BGI's evidence. Judge Slaughter subsequently signed a final judgment in the suit in which she sustained Lyon's objection to BGI's evidence of presentment because BGI had not pleaded presentment of its claims as

---

[4] Texas Civil Practice and Remedies Code section 38.001 authorizes recovery of attorney's fees on a breach-of-contract claim. TEX. CIV. PRAC. & REM. CODE § 38.001(8). Before a party is entitled to attorney's fees pursuant to section 38.002, however, the party must plead and prove that it presented its claim for damages to the opposing party and the opposing party refused to pay. TEX. CIV. PRAC. & REM. CODE § 38.002; *see Lyon I*, 2017 WL 4545831, at *11 (citing *Gibson v. Cuellar*, 440 S.W.3d 150, 157 (Tex. App.–Houston [14th Dist.] 2013, no pet.)); *Sacks v. Hall*, 481 S.W.3d 238, 251 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (stating party "did not specifically plead that he had presented his breach of contract claim to Sacks, as he was required to do to recover attorney's fees under Chapter 38"); *see also Genender v. USA Store Fixtures, LLC*, 451 S.W.3d 916, 924 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("The claimant bears the burden of both pleading and proving presentment."). Specifically, section 38.002 requires that:

(1) the claimant must be represented by an attorney;

(2) the claimant must present the claim to the opposing party or to a duly authorized agent of the opposing party; and

(3) payment for the just amount owed must not have been tendered before the expiration of the 30th day after the claim is presented.

TEX. CIV. PRAC. & REM. CODE § 38.002.

required to recover attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code. *Id.* As a result of this ruling, Judge Slaughter did not rule on Lyon's other objections to BGI's evidence of presentment, which she considered to be moot. *Id.* The judgment also awarded BGI approximately $15,000 in damages on its breach of contract claim, approximately $30,000 in damages on its fraudulent lien claim, and over $142,000 in attorney's fees for its fraudulent lien and invalid lien claims, but no attorney's fees on its breach of contract claim.

On appeal, this Court held that there was legally insufficient evidence to support the jury's findings that the lien was invalid, and that Lyon had filed a fraudulent lien. *Id.* at *6. Accordingly, we reversed the trial court's judgment and rendered judgment in favor of Lyon with respect to these claims. Because the award of attorney's fees was based on these claims, we "reverse[d] the trial court's award of attorney's fees to BGI in its entirety and remand[ed] that issue to the trial court for further proceedings." *Id.* at *6. We also held that the trial court erred by denying BGI's motion for leave to amend its pleading to more specifically allege presentment, and that the error was harmful because, although disputed, BGI had offered some evidence of presentment during the bench trial. *Id.* at *13.

After this court's mandate issued, BGI filed a motion for judgment post appeal in the trial court, but no action was taken on the matter before Judge Slaughter left the bench on December 31, 2018. Judge Sylvia Matthews, who was assigned to the

6

district court in February 2019 to hear cases and dispose of any accumulated business requested by the court, *see* TEX. GOV'T. CODE § 74.056, held two hearings in this remand proceeding in February and April 2019. No testimony was presented during either hearing. Judge Matthews did, however, hear arguments from counsel on several issues during these hearings, including whether she could rely on the record from the April 2015 bench trial in order to determine whether BGI was entitled to recover attorney's fees on its breach of contract claim pursuant to Chapter 38, and if so, the amount of BGI's reasonable and necessary fees, as opposed to holding a new trial to resolve these questions, and, if she had to hold a trial, whether it was required to be a jury trial, as Lyon argued. The court also heard arguments on Lyon's objections to evidence that BGI had offered during the 2015 bench trial that Judge Slaughter had not ruled on. The evidence at issue was a mediation PowerPoint (Exhibit 42), one of BGI's discovery responses (Exhibit 43), and an email between BGI's and Lyon's counsel (Exhibit 44).

Judge Matthews subsequently entered an order on BGI's motion for judgment post appeal in which she determined that she was not required to hold a new trial on the issue of attorney's fees and could rely on the record from the April 2015 bench trial, and she denied Lyon's request for a jury trial. Judge Matthews granted BGI leave to file its supplemental petition alleging presentment, sustained Lyon's objection to the mediation PowerPoint (Exhibit 42), overruled Lyon's objections to

the discovery response and the email and admitted those two exhibits. (Exhibits 43 and 44) and granted BGI's request for attorney's fees on its breach of contract claim.

The same day, Judge Matthews also entered a final judgment after remand, in which she awarded BGI approximately $15,000 in damages on its breach of contract claim, pre-judgment interest on the claim, reasonable and necessary attorney's fees incurred through trial in the amount of $155,228.10, $20,000 in attorney's fees for prevailing in this Court during the first appeal, and $10,000 in attorney's fees for defending against Lyon's unsuccessful petition for review to the Supreme Court of Texas.

BGI and Lyon are appealing that final judgment.

## Jurisdiction

In its sixth issue, Lyon argues that Judge Matthews' final judgment on remand is void because she did not hear the evidence on which the judgment is based. Because appellate courts do not have subject matter jurisdiction over void judgments, we will address this issue first. *See Malone v. PLH Group, Inc.*, 570 S.W.3d 292, 296 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012)).

The rules of practice and procedure in civil district court allow judges to exchange courts and transfer cases from one court to another and permit a practice in which one judge hears a part of a case and determines some issues while another

8

judge completes the case. *See Malone*, 570 S.W.3d at 294–95 (citing to TEX. R. CIV. P. 18, 330(e), 330(g) and *Masa Custom Homes, LLC v. Shahin*, 547 S.W.3d 332, 335 (Tex. App.—Dallas 2018, no pet.)). However, "neither the rules nor case law permit one judge to preside over the entire bench trial and a visiting judge, who heard no evidence, to render a judgment based on disputed facts." *See Malone*, 570 S.W.3d at 295 (citing to *Masa Custom Homes*, 547 S.W.3d at 335–36). As the finder of fact during a bench trial, the trial judge assesses the witnesses' credibility and the weight of the evidence and resolves factual disputes. *See Malone*, 570 S.W.3d at 295 (citing to *Masa Custom Homes*, 547 S.W.3d at 337). A judge who did not preside over some or all the trial may make substantive legal decisions, but only if the decision does not require the judge to find facts based on evidence he has not heard. *See Malone*, 570 S.W.3d at 295; *Masa Custom Homes*, 547 S.W.3d at 336. A judgment rendered following a bench trial by a judge who has heard no evidence is void. *See Malone*, 570 S.W.3d at 295; *Masa Custom Homes*, 547 S.W.3d at 338.

Judge Slaughter, who presided over both the 2013 jury trial on the merits and the 2015 bench trial on attorney's fees, was no longer on the district court bench when the matter was taken up on remand in 2019. Judge Matthews presided over the new proceedings and rendered judgment based on the record of the 2015 bench trial on attorney's fees, "including admitted evidence," and the arguments of the parties. It is undisputed that Judge Matthews did not hear any testimony in this case.

9

BGI argues that Judge Matthews's judgment rendered on remand is not void and that it was not necessary for Judge Matthews to hold a new trial on the issue of attorney's fees because BGI proved presentment as a matter of law, and, unlike in *Malone* and the other opinions relied upon by Lyon, there are no disputed facts or contradictory evidence that would require Judge Matthews to assess witness credibility or resolve questions of fact.

As the Court explained in the prior opinion in this case, presentment is generally a fact issue. *Lyon I*, 2017 WL 4545831, at *11 (citing *Genender v. USA Store Fixtures, LLC*, 451 S.W.3d 916, 924–25 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Like other issues of fact, however, presentment may be decided as a matter of law if the evidence of presentment is conclusive. *See United Servs. Auto. Ass'n v. Hayes*, 507 S.W.3d 263, 282 (Tex. App.—Houston [1st Dist.] 2016, pet. granted, judgm't vacated w.r.m.) ("A proposition is established as a matter of law when a reasonable fact finder can draw only one conclusion from the evidence presented."); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005) ("Evidence is conclusive only if reasonable people could not differ in their conclusions, a matter that depends on the facts of each case."); *Svoboda v. Thai*, No. 01-17-00584-CV, 2019 WL 1442434, at *4 (Tex. App.—Houston [1st Dist.] Apr. 2, 2019, no pet.) (stating that "when the evidence is not conflicting or susceptible of more than one inference, a factual matter may be determined as a matter of law").

This Court held in *Svoboda* that Thai, the party requesting attorney's fees, had not proven presentment as a matter of law because "a reasonable factfinder could draw more than one—and conflicting—conclusions about presentment." *Svoboda*, 2019 WL 1442434, at *7. In that case, Thai's attorney testified that he told the Svobodas' counsel that "the case would end if the Svobodas paid $8,000" and they refused to pay. *Id.* He also sent the Svobodas a letter as part of their settlement discussions demanding $18,000 and testified that he was "negotiating attorney's fees in addition to the $8,000 contract claim." *Id.* We held that, although his testimony provided some evidence of presentment, a reasonable factfinder could have also determined that presentment had not been established because Thai's "demand was always for more than the contract claim." *Id.*

After reviewing the record from the 2015 bench trial on attorney's fees, this Court in *Lyon I* determined that BGI had produced some evidence of presentment, and therefore, the trial court's refusal to grant BGI leave to amend its petition to plead presentment was harmful. *See Lyon*, 2017 WL 4545831, at *13. We also held that there was a fact issue with respect to whether BGI had presented its claim to Lyon and, therefore, was entitled to recover attorney's fees pursuant to Chapter 38. Specifically, we stated that

> [A]lthough disputed, the record contains some evidence of presentment. Whether such evidence demonstrates presentment, however, is an unresolved question of fact that the trial court would have resolved, had it not erroneously denied BGI's motion for leave.

11

*Id.* at \*12 (internal citations omitted). The "law of the case" doctrine mandates that the ruling of an appellate court on a question of law raised on appeal will be regarded as the "law of the case" in all subsequent proceedings unless it was clearly erroneous. *See Caplinger v. Allstate Ins. Co.*, 140 S.W.3d 927, 929 (Tex. App.—Dallas 2004, pet. denied) (citing *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003)); *see generally Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986) (holding "law of the case" doctrine applies to questions of law, not questions of fact). BGI argues that we should reconsider the question of whether presentment poses a question of fact or law and hold that it established presentment as a matter of law and therefore, Judge Matthews was allowed to rely upon the record of the April 2015 bench trial. Even if we were to reconsider our previous holdings on this issue, the result would be the same.

The evidence of BGI's presentment in the 2015 bench trial consisted of testimony from BGI's attorney, Chris Garcia, and Lyon's attorney, Josh Birmingham, BGI's interrogatory responses, and a PowerPoint presentation that BGI presented to Lyon during mediation. Specifically, Garcia testified that he spoke with Birmingham in May 2011 during which time they attempted to resolve their clients' claims against one another. *See Lyon I*, 2017 WL 4545831, at \*12. According to Garcia, each side set forth its position, and identified how it believed that the contract had been breached and how much it was owed based on that claim.

Birmingham, who acknowledged that he had a conversation with Garcia prior to mediation, did not recall what was discussed. He also testified that BGI never presented his client with a claim that it could pay without incurring attorney's fees. *See id.* at *12.

Garcia also testified that BGI's "demand for those damages [based on its breach of contract claim] were set forth in the last page of Exhibit 42," which is a PowerPoint presentation that Garcia made to Lyon during mediation two months later. According to Garcia, BGI's damages were also included in its interrogatory responses, which were provided to Lyon on two occasions prior to trial. BGI's mediation PowerPoint states that BGI had incurred over $51,000 in "damages" by July 2011, including $15,000 in "attorney's fees and expenses." Although it identified the $15,000 in attorney's fees as part of the amount owed, Garcia testified that the $15,000 was not part of the claim that Lyon had to pay within 30 days: "If they wanted to pay 15,000 for attorneys' fees, it's Mr. Lyon's responsibility—or his right to tender performance if he wanted to. That did not include attorneys' fees, I believe." BGI's interrogatory responses also identified its attorney's fees as part of the amount owed.

As in *Svoboda*, a reasonable factfinder could conclude from Garcia's testimony that BGI presented its claim to Lyon and that Lyon did not pay the claim within thirty days. A reasonable factfinder, however, could also conclude that BGI

13

did not present Lyon with a claim that he could pay without incurring attorney's fees because, when BGI presented its claims to Lyon before, during, and after mediation, these claims included attorney's fees and were "always for more than the contract claim." *Svoboda*, 2019 WL 1442434, at *7. Therefore, we conclude that BGI did not conclusively establish presentment as a matter of law during the 2015 bench trial because reasonable factfinders could draw competing inferences from the evidence presented at that trial. *See id.*

BGI's PowerPoint presentation and Garcia's statements to Lyon during mediation cannot be used to conclusively establish presentment as a matter of law for another reason—the presentation and Garcia's statements are not admissible pursuant to section 154.073 of the Texas Civil Practice and Remedies Code provides. Section 154.073 states, in part, that

> a communication relating to the subject matter of any civil or criminal dispute made by a participant in an alternative dispute resolution procedure, whether before or after the institution of formal judicial proceedings, is confidential, is not subject to disclosure, and may not be used as evidence against the participant in any judicial or administrative proceeding.

TEX. CIV. PRAC. & REM CODE § 154.073(a).

BGI argues that Garcia's testimony that he presented BGI's claim to Lyon during mediation and the PowerPoint presentation used during mediation are not prohibited by section 154.073 because these are communications that BGI made to Lyon, not communications by Lyon which BGI is attempting to use against him. A

14

"cloak of confidentiality surrounds mediation, and the cloak should be breached only sparingly." *Allison v. Fire Ins. Exch*., 98 S.W.3d 227, 260 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m.); *see also Hydroscience Techs., Inc. v. Hydroscience, Inc*., 401 S.W.3d 783, 796 (Tex. App.—Dallas 2013, pet. denied). "Unless the parties agree otherwise, all matters, including the conduct and demeanor of the parties and their counsel during the settlement process, are confidential and may never be disclosed to anyone, including the appointing court." TEX. CIV. PRAC. & REM. CODE § 154.053(c); *see In re Empire Pipeline Corp.*, 323 S.W.3d 308, 312 (Tex. App.—Dallas 2010, orig. proceeding) (citing *Allison*, 98 S.W.3d at 259). The record reflects that BGI is attempting to use a document it presented, and statements that Garcia allegedly made, during a confidential mediation proceeding against Lyon, namely, to establish BGI's right to collect attorney's fees from Lyon. The purpose of mediation is to allow parties to come to the table knowing they can speak freely about their dispute and be confident that the what occurs during the proceeding will be kept confidential and, on this record, events in the mediation must remain confidential. *Allison*, 98 S.W.3d at 260 (stating that "cloak of confidentiality" that surrounds mediation "should be breached only sparingly"). Because this evidence is not admissible, BGI cannot rely upon it to establish presentment as a matter of law.

BGI's argument that Judge Matthews was entitled to rely entirely upon the record and transcript from the April 2015 bench trial because there are no disputed

15

facts or contradictory evidence that would require Judge Matthews to assess witness credibility or resolve questions of fact is unavailing for another reason. Even if there had not been a question of material fact with respect to the issue of presentment, Judge Matthews' judgment on remand would still be void because there is a question of fact with respect to the reasonableness and necessity of the amount of BGI's attorney's fees. *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998) (stating determination of amount of fees that are reasonable and necessary is question of fact); *see also Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (holding testimony of an interested witness "is taken as true, as a matter of law," so long as it "is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon").

During the April 2015 bench trial, Lyon cross-examined BGI's witnesses about the reasonableness and necessity of the fees. Notably, Garcia admitted that BGI was asking for "roughly ten times the amount of damages for the breach of contract" claim and stated that "too many" lawyers at his firm had worked on the case over the years. The disparity between the amount in controversy and the amount of fees requested is an attendant circumstance that serves to contradict BGI's expert testimony. *See Inwood N. Homeowners' Ass'n, Inc. v. Wilkes*, 813 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1991, no writ) ("At the very least the amount in

16

controversy in the present case, $649.44, is an attendant circumstance tending to cast suspicion on the uncontradicted evidence regarding the [$1,486.45] in attorney's fee.").

Judge Matthews did not hear any evidence regarding the amount of reasonable and necessary attorney's fees for BGI's breach of contract claim during the remand proceedings, and, therefore, her findings of fact and conclusions of law were based exclusively upon evidence and testimony that she did not hear. Accordingly, we hold that the evidence admitted during the 2015 bench trial raised questions of material fact, including a question regarding whether BGI presented its claim to Lyon in accordance with chapter 38 and is therefore entitled to an award of attorney's fees on its breach of contract claim. Because there were disputed questions of fact, Judge Matthews was not free to render judgment based on the record of the 2015 bench trial over which she did not preside; Judge Matthews had no choice but to hold a new trial on the issue of attorney's fees. Therefore, we hold that judgment Judge Matthews rendered on remand is void. *See Malone*, 570 S.W.3d at 295; *see also Masa Custom Homes*, 547 S.W.3d at 338. Because the judgment is void, we conclude that we lack jurisdiction to review the merits of this appeal. *Malone*, 570 S.W.3d at 296.

17

## Conclusion

We dismiss the appeal for want of jurisdiction. Because the trial court's judgment is void, it has not entered a final judgment in this case and retains jurisdiction to conduct a new evidentiary trial, as required, on the issue of attorney's fees to determine whether BGI is entitled to attorney's fees pursuant to Chapter 38, e.g., whether BGI satisfied all conditions precedent, including proving presentment and, if the trial court concludes that BGI is entitled to recover its fees, the trial court should then determine the amount of BGI's reasonable and necessary attorney's fees, and award that amount to BGI.[5]

---

[5] We note that regardless of whether Lyon was required to file a new written demand for a jury trial and pay another $10 jury fee in order to be entitled to a jury trial on remand, he will have the opportunity to meet these requirements after our second remand. *See generally In re Hulcher Servs., Inc.*, 568 S.W.3d 188, 193 (Tex. App.—Fort Worth 2018, orig. proceeding) ("We hold that the plain language of the rule 11 agreement waiving a jury on the issue of attorney's fees in the [earlier] trial does not unambiguously indicate that the parties intended to waive a jury for any future trials of the same issue."); *In re Lesikar*, 285 S.W.3d 577, 587 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding) (stating "waiver of a jury in one trial does not affect either party's right to demand a jury in the second trial after remand where the demanding party has complied with Rule 216"). We also note that regardless of whether the trial court abused its discretion by denying BGI conditional attorney's fees on remand, as BGI contends, BGI will have an opportunity to present its evidence during the new evidentiary trial. *Cf. Young v. Dimension Homes, Inc.*, No. 01-14-00331-CV, 2016 WL 4536407, at *9 (Tex. App.—Houston [1st Dist.] Aug. 30, 2016, no pet.) (mem. op.) (citing *Gill Sav. Ass'n v. Chair King, Inc.*, 797 S.W.2d 31, 32 (Tex. 1990)) (holding that if trial attorney's fees are mandatory under section 38.001, then appellate attorney's fees are also mandatory when proof of reasonable fees is presented). Similarly, even if the trial court abused its discretion by admitting BGI's billing records over Lyon's objections during the April 2015 bench trial, BGI will have an opportunity to present evidence supporting its claim for attorney's fees during the new evidentiary hearing.

Any pending motions are dismissed as moot.



                                          Russell Lloyd
                                          Justice


Panel consists of Justices Keyes, Lloyd, and Hightower.